UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark E. JOHNSON, Defendant–
Appellant.

No. 96–10575.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1997.

Decided Dec. 29, 1997.

Roger T. Nuttall, Nuttall Berman Attorneys, Fresno, California, for defendant–appellant.

Jonathan B. Conklin, Assistant United States Attorney, Fresno, California, for plaintiff–appellee.

Before: HUG, Chief Judge, and WALLACE and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Mark E. Johnson appeals his conviction and sentence for two counts of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). Johnson also appeals the district court's restitution order following his guilty plea on one count of fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(1), and one count of wire fraud, in violation of 18 U.S.C. § 1343.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and this court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## BACKGROUND

On August 13, 1993, Johnson contacted Rena Dankin, a regional coordinator for the Education Foundation, about serving as a host parent for a foreign exchange student. He told Dankin that he was interested in hosting a "Nordic boy" and arranged to have a seventeen-year-old Norwegian student, who was originally to have been placed in Minnesota, assigned to his California home. The Education Foundation informed the minor of the change in destination the night before he was to leave Norway, and he revised his travel plans accordingly.

The Norwegian minor arrived in the United States on August 17, 1993. He testified that less than one week after moving into Johnson's home, Johnson started discussing sexual matters with him. Approximately one

week later, the talk turned to homosexual matters. The sexual nature of Johnson's conduct soon became physical, advancing over several weeks from a back rub to mutual masturbation to oral copulation to sodomy. Johnson told the minor not to discuss their sexual contact with anyone. In October 1993, the minor transferred to a new host family. Police later contacted the minor in the course of investigating a computer crime case in which Johnson was allegedly involved, and the minor told police what had transpired between himself and Johnson.

Johnson was indicted on July 20, 1995, and charged in a 115 count indictment. Counts one and two, which were severed from the rest, charged transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). The other 113 counts charged fraud in connection with access devices, wire fraud, and fraud and related activities in connection with computers, in violation of 18 U.S.C. §§ 1029(a)(1), 1343, and 1030(a)(6)(A), respectively. These charges arose from Johnson's alleged use of fictitious names and credit card numbers to gain access to the Prodigy computer network and to order goods and services therefrom.

Johnson was convicted on the § 2423(a) counts following a four-day jury trial. In exchange for Johnson's plea of guilty to one count of fraud in connection with access devices and one count of wire fraud, the government dismissed the other 111 counts. Johnson was sentenced to two concurrent terms of fifty-seven months in custody and to thirty-six months supervised release, and ordered to pay $5,408.58 in restitution to Prodigy Services, Inc. and a $200.00 special assessment.

## DISCUSSION

### I

The first issue on appeal concerns whether the district court erred in admitting prior bad act evidence at Johnson's trial on the § 2423(a) charges. Two witnesses testified about sexual contact in which Johnson

had engaged them approximately thirteen years earlier, when each witness was in his teens. We review for abuse of discretion the district court's decision to admit this evidence of prior bad conduct. *See United States v. Hinton,* 31 F.3d 817, 822 (9th Cir. 1994); *United States v. Arambula–Ruiz,* 987 F.2d 599, 602 (9th Cir.1993).

Rule 404(b) of the Federal Rules of Evidence precludes the admission of prior bad act evidence offered only to show criminal propensity. So long as the evidence is offered for a proper purpose, such as to prove intent, the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance. *See Huddleston v. United States,* 485 U.S. 681, 687–88, 108 S.Ct. 1496, 1499–500, 99 L.Ed.2d 771 (1988); *United States v. Hadley,* 918 F.2d 848, 850 (9th Cir.1990). To be probative of something other than criminal propensity, the prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time. *Hinton,* 31 F.3d at 822. Once relevance is established, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value. *See United States v. Boise,* 916 F.2d 497, 502–03 (9th Cir.1990).

Here all four Rule 404(b) criteria are satisfied. Intent is plainly an element of transporting a minor with intent to engage in criminal sexual activity under 18 U.S.C. § 2423(a), and the testimony of both prior bad act witnesses was relevant to prove Johnson's intent to engage in unlawful sexual activity with the Norwegian minor.[1] Johnson does not dispute the relevance of the testimony for this purpose but instead argues that the intent required by § 2423(a) is intent to transport, not intent to engage in illegal sexual conduct. This argument is belied by the language of § 2423(a), which speaks of transporting a minor "with intent that such individual engage in … any sexual

---

1. The California Penal Code criminalizes acts of oral copulation and sodomy with a minor. Cal.Penal Code §§ 286(b)(1), 288a.

activity for which any person can be charged with a criminal offense."

■ The second Rule 404(b) criterion, which requires sufficient similarity between the past conduct and the conduct charged, is also satisfied. Johnson's past conduct need not be identical to the conduct charged, but instead need only be similar enough to be probative of intent. *See United States v. DeSalvo*, 41 F.3d 505, 509–10 (9th Cir.1994); *United States v. Hernandez–Miranda*, 601 F.2d 1104, 1108–09 (9th Cir.1979). The first prior bad act witness testified that when he was in his early teens, Johnson invited him into his home and tried to seduce him into engaging in consensual sexual activity-advancing from a back rub to masturbation to an attempt to lure the minor boy into bed. The second witness testified about a series of conversations he had with Johnson when the witness was a teenager, progressing from a few "random conversations" about girlfriends to Johnson's graphic descriptions of orgies he had attended. Johnson invited the witness to these orgies on several occasions and described the conduct in which he would be expected to engage with men and women.

The fact that the progression of sexual activity between Johnson and the first witness occurred over the course of a single afternoon, as opposed to a period of several weeks with the Norwegian minor, and that Johnson's sexual contact with the second witness never became physical does not negate the probative value of the evidence. Indeed, an expert testified that Johnson's conduct toward the witnesses was simply a less sophisticated form of "shaping and grooming" than that in which Johnson engaged the Norwegian minor.[2] Thus, the past acts about which the witnesses testified, although not identical to the crime charged, were sufficiently similar to be probative of Johnson's intent under Rule 404(b). *See Hadley*, 918 F.2d at 851.

■ The prior bad act testimony was also supported by sufficient evidence, thus satisfying the third Rule 404(b) criterion. "[S]imilar act evidence is relevant ... if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689, 108 S.Ct. at 1500. This reliability threshold is not a high one, and the testimony of a single witness can be sufficient. *See Hinton*, 31 F.3d at 823 ("[W]e are not persuaded that where a witness testifies as to the defendant's prior bad acts, the jury must be presented with evidence corroborating the witness' testimony to satisfy the 'low threshold required by [this] part ... of the test.'") (quoting *United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir.1990)). The witnesses' testimony concerning Johnson's sexual advances amounted to more than unsubstantiated innuendo, *see Huddleston*, 485 U.S. at 689, 108 S.Ct. at 1500, and the trial judge properly concluded that the jury could reasonably find by a preponderance of the evidence that the prior acts had occurred.

■ The fourth Rule 404(b) criterion is also satisfied notwithstanding the thirteen or more years that had elapsed since the events about which the witnesses testified. This court has not identified a particular number of years after which past conduct becomes too remote. *See Hadley*, 918 F.2d at 851. Rather, "[d]epending upon the theory of admissibility and the similarity of the acts ... some remote acts may be extremely probative and relevant." *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir.1989). The prior act evidence in this case is sufficiently similar to the charged conduct to render it probative despite the passage of time.

■ Finally, the district court did not abuse its discretion in determining that the probative value of the prior act evidence was not substantially outweighed by its prejudicial effect. Although the district court explicitly referenced Rule 403 in ruling on the admissibility of only one witness' testimony, "[t]he district court ... is not required to recite Rule 403 for the record." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996). The record establishes that the court properly weighed Rule 403's requirements with respect to the

---

**2.** "Shaping and grooming" describes the process of cultivating trust with a victim and gradually introducing sexual behaviors until reaching the point of intercourse.

testimony of both prior act witnesses and thus did not abuse its discretion in admitting the prior act evidence.

## II

■ Johnson contends that the government presented insufficient evidence to support his § 2423(a) conviction. The proper inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). The record contains a wealth of evidence from which the trier of fact could reasonably infer that Johnson caused the transport of the Norwegian minor *with the intent* of engaging in criminal sexual activity. *See United States v. Kaplan,* 554 F.2d 958, 964 (9th Cir.1977) ("An inference of criminal intent can be drawn from circumstantial evidence.").

Johnson's conduct commencing immediately after the Norwegian minor's arrival in his home strongly supports a finding of criminal intent. The minor testified that, within the first week of his arrival, Johnson was discussing personal sexual matters with him. Within another week, Johnson started discussing homosexual sex with the minor. A short time later, Johnson engaged the minor in acts of mutual masturbation, followed by acts of oral copulation and sodomy. Numerous inconsistencies in Johnson's application to serve as a host parent, including misrepresentations about whether his children resided with him, further support a finding of criminal intent. Finally, an expert testified that Johnson's conduct indicated a sophisticated "grooming" process that does not arise spontaneously.

When the prior bad act testimony is factored in, there can be little doubt the evidence was sufficient for the jury to find beyond a reasonable doubt that Johnson intended to engage in criminal sexual activity

with the Norwegian minor at the time he applied to be a host parent.

## III

■ Johnson also contends that the indictment and jury instructions improperly identified the elements required for a conviction under § 2423(a).[3] Counts one and two of the indictment charged that Johnson "transported, and caused to be transported" a minor in interstate commerce for the purpose of engaging in criminal sexual activity. In addition to reading the indictment to the jury, the trial judge directed the jury to find Johnson guilty if the jury determined that Johnson had "transported or caused to be transported a minor from Norway to Fresno." Johnson contends that "causing" the transport of a minor cannot satisfy the transport element of § 2423(a).

Because Johnson did not move to dismiss the indictment or object to the jury instructions and, in fact, submitted his own proposed jury instructions that included "causing" language, our review is for plain error. *See United States v. Olano,* 507 U.S. 725, 732–36, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508 (1993); *United States v. Perez,* 116 F.3d 840, 844–45 (9th Cir.1997) (en banc) (even invited errors reviewed for plain error). Because we hold that the indictment and jury instructions properly identified the elements of a conviction under § 2423(a), we do not advance beyond the first prong of the Supreme Court's plain error analysis. *See Olano,* 507 U.S. at 732–36, 113 S.Ct. at 1776–78 (setting out four-part plain error inquiry).

Prior to 1986, a defendant could be charged under § 2423 if he "knowingly persuade[d], induce[d], entice[d], or coerce[d] any woman or girl who has not attained her eighteenth birthday" to travel in interstate commerce "to engage in prostitution, debauchery or other immoral practice." In addition to extending the statute to minor boys and modernizing the statute in other ways, Congress, in 1986, replaced the persua-

---

3. Section 2423(a) provides:

A person who knowingly transports any individual under the age of 18 years in interstate or foreign commerce ... with intent that such individual engage in ... any sexual activity for

which any person can be charged with a criminal offense, shall be fined under this title or imprisoned not more than ten years, or both. 18 U.S.C. § 2423(a).

sion, inducement, enticement, and coercion language with simple "transport" of a minor in interstate commerce. The legislative history of the amendments makes clear, however, that the modernization was not intended to restrict potential criminal liability under § 2423. *See* 1986 U.S.C.C.A.N. 5952, 5958.

 Indeed, the legislative history expressly indicates that the persuasion and inducement language could be eliminated because such acts were covered by 18 U.S.C. § 2(b), which provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." Thus, a defendant can be convicted as an aider and abettor even if he causes an innocent intermediary who lacks criminal intent to commit the ultimate offense, *see United States v. Laurins*, 857 F.2d 529, 535 (9th Cir.1988), and even if the indictment does not specifically charge him with aiding and abetting. *See United States v. Canon*, 993 F.2d 1439, 1442 (9th Cir.1993).

Several circuits have held that a "causing" or "inducing" element cannot be read into § 2421, which makes it a crime to "knowingly transport[ ] any individual in interstate or foreign commerce . . . with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2421; *see United States v. Sabatino*, 943 F.2d 94, 98–100 (1st Cir.1991); *United States v. Jones*, 909 F.2d 533, 539–41 (D.C.Cir.1990). Although § 2421 is phrased in similar terms to § 2423, § 2421 has a companion statute in § 2422, which criminalizes knowing persuasion, inducement, enticement, or coercion of an individual to travel in interstate commerce to engage in criminal sexual activity. *See* 18 U.S.C. § 2422. Other circuits have therefore held that § 2422 would be redundant if § 2421 were read to include causing transport. *See, e.g., Jones*, 909 F.2d at 540. We do not need to decide this issue, however.

Section 2423, which applies only to the interstate transport of *minors* and imposes stiffer penalties than either § 2421 or § 2422, lacks such a companion statute. Moreover, unlike § 2421, § 2423 *did* contain persuasion and inducement language before 1986. Be-

cause the 1986 amendments were not intended to restrict criminal liability under § 2423, one who causes the transport of a minor with intent to engage in criminal sexual activity can still be charged under § 2423 as read in conjunction with § 2(b). Thus, it is enough that Johnson caused the Norwegian minor's transport and possessed the requisite intent to engage in unlawful sexual conduct even if the entity carrying out the transport-be it the Education Foundation or the minor himself-lacked criminal intent.

## IV

 The district court increased Johnson's offense by two levels pursuant to U.S.S.G. § 3A1.1 due to the Norwegian minor's vulnerability. Section 3A1.1 provides: "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." We review factual findings in sentencing for clear error. *See United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996). The district court did not clearly err in finding the Norwegian minor "vulnerable" under the Guidelines and making the upward departure.

 This court has recognized that the "otherwise particularly susceptible" language requires the sentencing court "to consider factors beyond the victim's age, physical and mental condition. The sentencing court must consider the characteristics of the defendant's chosen victim, the victim's reaction to the criminal conduct, and the circumstances surrounding the criminal act." *United States v. Peters*, 962 F.2d 1410, 1417 (9th Cir.1992). It is not necessary that the defendant target the victim *because* of his vulnerability; rather, it is enough that the defendant knew or should have known the victim was vulnerable. *See United States v. O'Brien*, 50 F.3d 751, 755 (9th Cir.1995).

The Norwegian minor was seventeen years old when he traveled from a small town in Southern Norway to the United States. He testified that, while he was living with Johnson, he had no family or friends that he knew

in Fresno. Johnson told the minor that his sexual advances were ordinary for a host parent. And Johnson warned the minor not to tell anybody about their sexual contact.

Johnson points out that the minor was sexually experienced, knew representatives from the Education Foundation and had friends at the high school he attended in Fresno, and called home to Norway on several occasions. However, none of this alters the fact that the minor had been in the country for only a few weeks when the adult responsible for his care and well-being initiated a series of sexual advances. There can be little doubt that the minor was a vulnerable victim and that Johnson was aware of his vulnerability at the time he committed the charged offenses.

## V

After Johnson's conviction on the § 2423(a) counts, he entered a guilty plea on one count of fraud in connection with access devices and one count of wire fraud. The district court entered a restitution order requiring him to pay restitution in the amount of $5,408.58–the total loss incurred by Prodigy on all 113 counts of fraud. Johnson argues that the court erred in requiring him to pay restitution on all the remaining counts, even those which had been dismissed as part of the plea agreement, rather than simply the loss incurred relative to the two counts to which he pled guilty. We review the amount of a restitution order for abuse of discretion, provided that it is within the bounds of the statutory framework. *See United States v. Pappadopoulos*, 64 F.3d 522, 530 (9th Cir. 1995).

The court's authority to order restitution in this case arises from the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663–64. The VWPA allows the district

court, when sentencing a defendant under Title 18 of the United States Code, to order that the defendant "make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1). Johnson's convictions on one count of fraud in connection with access devices and one count of wire fraud arose under 18 U.S.C. §§ 1029(a)(1) and 1343, respectively.

Johnson argues that the court violated *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), by ordering him to pay restitution to Prodigy for losses related to all counts of the indictment. In *Hughey*, the Supreme Court established the rule that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order" under the VWPA. *Id.* at 420, 110 S.Ct. at 1984. A plea agreement thus operates to limit the acts for which a court may require a defendant to pay restitution. *Id.* at 421, 110 S.Ct. at 1985.[4] In *United States v. Sharp*, 941 F.2d 811 (9th Cir.1991), this court read *Hughey* to limit restitution even where the offense of conviction involved a scheme to defraud as an element of the offense. *Id.* at 814–15.

After *Hughey* was decided, however, Congress amended the VWPA.[5] Under the amended statute, "when someone is convicted of a crime that includes a scheme, conspiracy, or pattern of criminal activity *as an element of the offense*, the court can order restitution for losses resulting from any conduct that was part of the scheme, conspiracy, or pattern of criminal activity." *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir.), cert. denied, — U.S. ——, 117 S.Ct. 211, 136 L.Ed.2d 145 (1996). The amended statute was designed in part to overrule *Hughey* and thus supersedes *Sharp* insofar as the offense of conviction includes a scheme to defraud as

---

**4.** In *United States v. Soderling*, 970 F.2d 529 (9th Cir.1992), the court recognized an exception from this rule where the plea agreement specifies that the defendant will pay restitution for offenses other than those on which there is a conviction. *Id.* at 532–33. This exception does not apply here as Johnson's plea agreement included no provision preserving Johnson's responsibility to pay restitution for the charges dismissed under the agreement.

**5.** The amended VWPA provides that for purposes of restitution, a victim of an offense "that involves as an element a scheme, conspiracy, or pattern of criminal activity" includes "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(a)(2).

 

an element of the offense. *Id.; see also United States v. Rutgard,* 116 F.3d 1270, 1294 (9th Cir.1997) ("After the amendment, restitution may be ordered for losses to persons harmed in the course of the defendant's scheme even beyond the counts of conviction."); *United States v. Hensley,* 91 F.3d 274, 276–77 (1st Cir.1996) (holding that under amended VWPA, defendant can be required to pay restitution for losses related to entire mail fraud scheme even where convicted for only one mailing).

■ Under the wire fraud statute, "[w]hoever, having devised or intending to devise any scheme or artifice to defraud," sends a wire transmission "for the purpose of executing such scheme or artifice" is subject to criminal liability. 18 U.S.C. § 1343. Because the offense includes a scheme to defraud as an element of the offense and the plea agreement described in detail the method and duration of Johnson's scheme to defraud Prodigy, the court did not abuse its discretion in ordering Johnson to pay restitution for all losses arising from this scheme. *See Reed,* 80 F.3d at 1423.[6] Moreover, because all of Prodigy's losses arose from Johnson's fraudulent scheme, the court did not abuse its discretion in holding Johnson liable under the VWPA for the full extent of Prodigy's losses.

## CONCLUSION

We hold that the district court did not abuse its discretion in admitting the prior act evidence under Rule 404(b) and that Johnson's conviction is supported by sufficient evidence. We also hold that the indictment and jury instructions properly identified the elements required for a conviction under § 2423(a). Finally, we conclude that the district court did not err in making an upward adjustment for the Norwegian minor's vulnerability under the Guidelines or abuse its discretion in ordering Johnson to pay restitution for all of the losses incurred by Prodigy

as a consequence of his scheme to defraud the computer network.

**AFFIRMED.**

---

**6.** Although the offense of fraud in connection with access devices, as defined in 18 U.S.C. § 1029(a)(1), does not require as an element of the offense any scheme, conspiracy, or pattern of criminal activity, Johnson's fraudulent access to

Prodigy was an essential aspect of his wire fraud scheme as defined in the plea agreement. Thus, the court properly awarded Prodigy restitution for losses associated with Johnson's fraudulent access to the network.