**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Boyd COLWELL,**
**Defendant–Appellant.**

**No. 00–10256.**

**D.C. No. CR–99–01122–TUC–RCC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 13, 2001.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

## MEMORANDUM *

William Boyd Colwell appeals his conviction for two counts of transporting illegal aliens, two counts of harboring illegal aliens, and one count of conspiracy to transport and harbor illegal aliens under 8 U.S.C. § 1324(a)(1)(A)(ii), -(iii), & -(v)(I) (2000). He was sentenced to a 27–month term of incarceration and 36 months of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 (2000) and we affirm.

Colwell first challenges the admission of incriminating statements that he made at the time border patrol agents arrived on the scene. He asserts that these statements were taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We review the trial court's decision to admit the statements de novo. *United States v. Soliz*, 129 F.3d 499, 503 (9th Cir.1997).

Regardless of whether the defendant was in custody at the time that he told the officers there were aliens in the house, he does not contest the voluntariness of his consent to allow the officers to search the house. The evidence found as a result of the search was far more incriminating than the statements challenged as a violation of *Miranda.* There was no reversible error.

Colwell next challenges the admission of his prior acts of harboring and transporting illegal· aliens. The trial court's decision to admit evidence of prior bad acts under Rule 404(b) is reviewed for an abuse of discretion. *United States v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Castillo,* 181 F.3d 1129, 1134 (9th Cir. 1999).

The evidence was relevant to demonstrate Colwell's knowledge of the smuggling operation, and to prove the existence of a conspiracy and Colwell's participation in it. *See United States v. McKoy,* 771 F.2d 1207, 1214 (9th Cir.1985). Because the prior acts occurred within months of the conduct charged in the indictment, it was not too remote to be probative. *See United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997). The evidence was sufficient to prove that Colwell participated in the prior smuggling operations, *see id.,* and the prior bad acts were sufficiently similar to the offense charged. *See United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1326 (9th Cir.1992). The trial judge did not abuse his discretion in holding that the probative value of the evidence outweighed its prejudicial effect and admitting the testimony. *See id.* at 1326–27.

Colwell contends that the district court erred in admitting testimony he characterizes as inadmissible hearsay. The testimony was not hearsay, however. It was not offered for its truth, but to explain Moreno–Galaz's subsequent actions. We therefore conclude that the district court did not abuse its discretion by admitting the testimony.

■ Colwell also contends that the district court erred in allowing Moreno–Galaz to testify that Colwell had operated as a "lookout" on prior occasions when loading the illegal aliens into vehicles, and that his brother was on lookout the day of the arrests. Moreno–Galaz testified based on personal observation of the Colwell brothers' actions in the smuggling operation and her past experience. A lay witness may testify based on visual observations of conduct and may make reasonable inferences regarding that conduct. *See* Fed. R.Evid. 701; *see also United States v. Fleishman,* 684 F.2d 1329, 1335–36 (9th

Cir.1982). The district court did not abuse its discretion in admitting Moreno–Galaz's testimony that Colwell and his brother acted as lookouts.

Colwell's final challenge is to the sufficiency of the evidence. There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because Colwell did not renew or make a motion for acquittal at the close of the evidence, we review for plain error. *See United States v. Yossunthorn,* 167 F.3d 1267, 1270 n. 4 (9th Cir.1999).

■ To support a conviction for conspiracy the government must prove (1) an agreement to engage in illegal activity, (2) an overt act taken to further the agreement, and (3) intent to commit the substantive crime. *See United States v. Hill,* 953 F.2d 452, 457 (9th Cir.1991). The government offered the following evidence that Colwell participated in the conspiracy: (1) he received money from Jose to house illegal aliens for periods of time; (2) he assisted in loading the aliens into vehicles driven by other participants; and (3) he had engaged in similar prior conduct with the same participants, which tended to show a course of conduct consistent with a conspiracy. This evidence is sufficient to support his conviction for conspiracy.

■ A conviction for transporting illegal aliens requires a showing that the defendant knew the alien was here illegally and intended to further the alien's unlawful presence in the United States. 8 U.S.C. § 1324(a)(1)(A)(ii); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1022 (9th Cir.2000). Colwell's assistance to the other participants in loading the

vehicles was sufficient for conviction under § 1324(a)(1)(A)(ii).

■ The government also offered sufficient evidence to convict Colwell of harboring illegal aliens. *See id.* § 1324(a)(1)(A)(iii). Witnesses testified that Colwell was paid by Jose to house illegal aliens before they were transported. Moreover, two of the aliens who were to be transported that day were found inside Colwell's house, hiding behind a stove. From this evidence, combined with the evidence recited above, a rational trier of fact could find beyond a reasonable doubt that Colwell harbored illegal aliens.

AFFIRMED.