**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael LUCAS, Defendant–Appellant.**

No. 00–50655.
D.C. No. CR–00–01478–W.
United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2001.*

Decided June 7, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2**

Before KOZINSKI and THOMAS, Circuit Judges, and COLLINS,** District Judge.

MEMORANDUM ***

### I

 The district court did not clearly err in calculating the amount of loss attributable to Lucas. *United States v. Matsumaru*, 244 F.3d 1092, 1106 (9th Cir.2001). In calculating the amount of monetary loss that results from fraud, "the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." *United States v. King*, 246 F.3d 1166, 2001 WL 363673 (9th Cir., Apr.13, 2001) (unpaginated) (quoting USSG § 2F1.1, cmt. n. 9). Furthermore, "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." USSG § 1B1.3, cmt. (backg'd). Such uncharged conduct must be proven by a preponderance of the evidence. *United States v. Lawrence*, 189 F.3d 838, 844 (9th Cir.1999). Here, there was ample evidence in the Presentence Report that Lucas, in conjunction with his co-defendant Fatima Peyton and his brother David Lucas, had procured and/or used multiple fraudulent American Express cards beyond the three cards that formed the basis of his guilty plea.

### II

Lucas's argument that the district court committed error in refusing to take ability to repay into account when imposing the sentence is untenable. The provision of the Mandatory Victim's Restitution Act ("Act"), 18 U.S.C. § § 3663A–3664, Pub.L. No. 104–132 (1996) relevant to Lucas's crimes, section 3663A, "makes restitution mandatory, without regard to a defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss from crimes … against property." *United States v. Dubose*, 146 F.3d 1141, 1143 (9th Cir.1998).

 Nevertheless, restitution may encompass only the losses incurred as the result of Lucas's offense conduct, and not losses resulting from uncharged conduct. *United States v. Johnson*, 132 F.3d 1279, 1286 (9th Cir.1997) (citing *Hughey v. United States*, 495 U.S. 411, 420, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990)). If and only if a defendant is convicted of a crime that " 'includes a scheme, conspiracy, or pattern of criminal activity *as an element of the offense,* ' " can the court " 'order restitution for losses resulting from any conduct that was part of the scheme, conspiracy, or pattern of criminal activity.' " *Id.* at 1286 (emphasis in original) (quoting *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir.1996)). Fraud in connection with access devices, the crime involved in Lucas's case, does not require such a scheme or conspiracy as an element of the offense. *Id.* at 1287 n .6. Therefore the district court erred in calculating Lucas's restitution order based on losses for acts beyond those for which he was convicted.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.