UNITED STATES of America,
Plaintiff—Appellee,

v.

Azalia GIL–GARCIA, Defendant—
Appellant.

No. 02–50048.
D.C. No. CR–01–01855–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Jan. 10, 2003.

Before HALL, THOMPSON and WARDLAW, Circuit Judges.

MEMORANDUM *

Azalia Gil–Garcia appeals her convictions for possessing with intent to distribute and importing marijuana in violation of 21 U.S.C. §§ 952, 960, and 841. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At trial, Gil–Garcia denied knowing that there was marijuana in the car she drove from Mexico into the United States. She was paid $500 to drive that car. The prior conduct, admitted into evidence at her trial, occurred two weeks earlier and involved

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

her being paid $500 to ride as a passenger in a car that entered the United States from Mexico. That car also contained marijuana.

Gil–Garcia's prior conduct tended to prove that she knew at the time of the present incident that there was marijuana in the car she was driving; her prior conduct took place just two weeks earlier; that conduct was confirmed by her own statements and a notebook found at the scene; and the conduct similarly involved being paid $500 in connection with the importation of marijuana by car from Mexico into the United States. The evidence of the prior conduct was properly admitted under Federal Rule of Evidence 404(b). *See United States v. Castillo,* 181 F.3d 1129, 1134–35 (9th Cir.1999); *United States v. Arambula–Ruiz,* 987 F.2d 599, 604 (9th Cir.1993); *United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997).

Under Federal Rule of Evidence 403, the probative value of the prior conduct was not substantially outweighed by its prejudicial effect. *See Arambula–Ruiz,* 987 F.2d at 604.

Gil–Garcia's reliance on *United States v. Garcia–Orozco,* 997 F.2d 1302, 1303–04 (9th Cir.1993), is misplaced. There, we determined that an incident involving drugs three years earlier did not put the defendant "on 'notice' that every car in which he rode thereafter could contain drugs." *Id.* at 1304. Here, the prior conduct of having been paid $500 to ride across the border as a passenger in a car containing marijuana clearly raises a legitimate inference that the defendant was on notice that there was marijuana in the car she was paid $500 to drive into the United States from Mexico two weeks later.

---

Gil–Garcia's remaining arguments that (1) the statutes she was convicted of violating are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) she had to know the drug type and quantity; and (3) she had to "enter" the United States as that term is understood in the immigration context are foreclosed by recent decisions of this court. *See United States v. Marcucci,* 299 F.3d 1156, 1165 (9th Cir.2002); *United States v. Carranza,* 289 F.3d 634, 642–44 (9th Cir.2002).

AFFIRMED.