**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Victor Robert NAVA, Sr., aka Big
Vic, Defendant—Appellant.**

No. 02–30193.
D.C. No. CR–00–00121–JDS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 8, 2003.

* This panel unanimously finds this case suitable for decision without oral argument.    Fed. R.App. P. 34(a)(2).

James E. Seykora, USMO–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Dennis Owens, Kansas City, MO, for Defendant–Appellant.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Defendant Victor Robert Nava, Sr., appeals his conviction for conspiracy to possess various controlled substances with intent to distribute them, 21 U.S.C. §§ 841(a) and 846. We affirm.

■ 1. The "other acts" evidence to which Defendant objects came from the testimony of Jaime Nevarez, who said that he had bought large quantities of methamphetamine for Defendant several times between 1991 and 1994. Defendant's main defense was that the drugs found in the storage areas did not belong to him, and that the drugs found in the house belonged to his daughter. Thus he placed the elements of intent and knowledge in issue, making the evidence relevant for a purpose other than to show propensity. *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir.1999).

Defendant's core argument is that the earlier events were too remote in time to be admissible under Federal Rule of Evidence 404(b). There is no bright-line rule requiring the court to exclude evidence of other acts after a certain period has elapsed. *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir.1989). *United States v. Brown*, 880 F.2d 1012, 1015 n. 3 (9th Cir.1989), on which Defendant relies, was not to the contrary when it observed that a seven-year-old incident is much more remote than prior acts "usually" admitted. Whether or not the *Brown* court's empirical observation was a holding, and whether or not it was accurate, *Brown* set no particular time limit. We have upheld decisions to admit significantly older acts where, as here, the acts are sufficiently similar to remain probative. *See, e.g., United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir.1997) (upholding admission of act thirteen years before charged crime); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir.1989) (same).

The district court carefully considered the "vintage" of the evidence, and indeed excluded some other evidence of older past acts. The court did not abuse its discretion in allowing Navarez' testimony.

■ 2. The district court did not expressly perform the required Federal Rule of Evidence 403 balancing on the record. However, the court repeatedly gave limiting instructions to the jury, including one just before Nevarez testified. Those instructions cured any improper prejudicial effect that might otherwise have occurred. *United States v. Romero*, 282 F.3d 683, 688 n. 1 (9th Cir.), *cert. denied*, 537 U.S. 858, 123 S.Ct. 228, 154 L.Ed.2d 96 (2002).

■ 3. Sufficient evidence supported Defendant's conviction for possessing hydrocodone, morphine, and codeine with intent to distribute them. The jury was entitled to disbelieve the claim of Defendant's daughter that the room and the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

drugs belonged to her. Another witness testified that Defendant retrieved his clothing from a small room adjoining the downstairs bedroom and that, when arrested, Defendant produced a bottle of codeine tablets. Other witnesses testified that Defendant (as well as his children) engaged in numerous transactions involving various drugs. The jury was properly instructed on the potential bias of the witnesses and was entitled to believe them instead of Defendant's daughter.

AFFIRMED.