**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Camilo MENDEZ–GARCIA,
Defendant—Appellant.**

No. 03–10252.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2004.

Decided June 23, 2004.

Bruce M. Ferg, Esq., Maria Davila, Office of the U.S. Attorney, Evo A. DeConcini U.S., Tucson, AZ, for Plaintiff–Appellee.

Clay Hernandez, AFPD, The Johnson House Offices, Tucson, AZ, for Defendant–Appellant.

---

1. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

**740**

Before: LAY,* HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Camilo Mendez–Garcia ("Mendez–Garcia") appeals his conviction for conspiracy to possess with intent to distribute marijuana and conspiracy to import marijuana, alleging that the district court abused its discretion by admitting evidence of prior, uncharged bad acts pursuant to Rule 404(b). FED R. EVID. 404(b). Of the four-part test for Rule 404(b) admissibility, Mendez–Garcia solely disputes the requirement that "the evidence [be] sufficient to support a finding that the defendant committed the other act." *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1113 (9th Cir.1995). The testimony of Mendez–Garcia's co-conspirator provided such sufficient evidence. *See United States v. Hinton,* 31 F.3d 817, 823 (9th Cir.1994) (holding one witness's testimony as to the defendant's prior bad acts sufficient to meet the low Rule 404(b) threshold); *see also United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997).

Mendez–Garcia also alleges that the Government violated his due process rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government certainly should have disclosed prior to trial that Mendez–Garcia's cooperating co-conspirator would testify that she was paid in cash *and drugs* for

transporting drugs. Still, we cannot say that the violation rises to the level of the *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), outcome-determinative test when Mendez–Garcia's counsel had a full opportunity to cross-examine the witness at trial and to impeach her credibility.

AFFIRMED.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

