UNITED STATES of America, Plaintiff—Appellee,

v.

James Robert MURPHY, Defendant—Appellant.

No. 04–30479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided Aug. 30, 2005.

Kathryn A. Warma, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Timothy R. Lohraff, Esq., Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

James Robert Murphy appeals the district court's order requiring payment of restitution to the City of Seattle in the amount of $12,297.23. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part for a proper determination of the amount of restitution. Because the parties are familiar with the facts, we do not recount them here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court had statutory authority under 18 U.S.C. § 3563(b) to order restitution as a discretionary condition of probation for the offenses Murphy committed.[1] The district court properly concluded that the City of Seattle was a victim even though it was not named in the indictment.[2] The district court also properly concluded that Murphy's conduct directly caused losses to the City.[3] Finally, the Government did not have to prove the amount of the City's losses to a jury.[4] Accordingly, we affirm in part as to these issues.

The district court, however, abused its discretion by ordering restitution in the amount the City claimed.[5] The City sought restitution for costs it incurred in dealing with all of the e-mails Murphy sent, not just the two e-mails to which he pleaded guilty to sending.[6] Accordingly, we reverse and remand in part for a proper determination of the amount of restitution.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

1. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 924 n. 7 (9th Cir.2001).

2. *See United States v. Rice*, 38 F.3d 1536, 1545 (9th Cir.1994).

3. *See id.* at 1542 (stating that we review for clear error whether a defendant's conduct caused a victim's losses); *United States v. Koenig*, 952 F.2d 267, 275 (9th Cir.1991) (holding that expenses a bank incurred "in notifying customers of the theft, answering customer inquiries and reprogramming stolen accounts" directly resulted from the defendants' conduct).

4. *See United States v. Bussell*, 414 F.3d 1048, 1060 (9th Cir.2005) (holding that *United States v. Booker*, — U.S. ——, 125 S.Ct. 738,

160 L.Ed.2d 621 (2005), does not affect a district court's order of restitution).

5. *United States v. Johnson*, 132 F.3d 1279, 1286 (9th Cir.1997) ("We review the amount of a restitution order for abuse of discretion, provided that it is within the bounds of the statutory framework."); *see Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

6. *Hughey v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (holding that restitution is authorized "only for the loss caused by the specific conduct that is the basis of the offense of conviction").