**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30130 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-02015-EFS-1 |
| v. | |
| JOHNNY ANDRES ASUNCION III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted May 7, 2020
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and CHHABRIA,**
District Judge.

Johnny Andres Asuncion appeals from a jury verdict convicting him on one

count of possession with intent to distribute 50 grams or more of

methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(viii). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

affirm. We reject two of his arguments in a concurrently filed published opinion, and we reject the remaining arguments here.

1. The district court did not abuse its discretion by admitting evidence of Asuncion's 2007 conviction for distribution of methamphetamine under Federal Rule of Evidence 404(b). Asuncion's earlier conviction served as evidence that he knew the substance in his possession was methamphetamine, and that the quantity in his possession was far greater than necessary for personal use. And although the conviction was ten years old when it was admitted, a lapse of a decade or more does not make 404(b) evidence inadmissible when the prior wrong is so similar to the crime charged. *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997).

Nor did the district court abuse its discretion by overruling Asuncion's objection to admission of the prior conviction pursuant to Rule 403. The district judge adequately balanced the probative value of the prior conviction against the risk of unfair prejudice, and at trial allowed only the fact of the conviction and the drug amount to come in. *See Boyd v. City and County of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009).

2. The district court did not err in rejecting Asuncion's argument that the decision to seek recidivism enhancements amounted to vindictive prosecution. The government informed Asuncion of its intention to seek the enhancements at the

start of the case, and it offered to forgo them as a condition of a plea deal. Asuncion did not plead guilty, and the government sought the sentencing enhancements as promised. It has long been the rule that prosecutors may threaten more severe charges or penalties during plea negotiations, "and later, if no guilty plea is forthcoming, make good on that threat." *United States v. Gamez-Orduno*, 235 F.3d 453, 462–63 (9th Cir. 2000); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

3. The district court did not err in failing to find the phrase "felony drug offense" in section 841 unconstitutionally vague. Because Asuncion did not raise this argument below, we review for plain error. *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). The statute defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Asuncion contends that the phrase "conduct relating to" in this definition makes it unconstitutionally vague on its face. But Ninth Circuit precedent requires the constitutionality of "felony drug offense" to be examined as applied to the defendant. *See United States v. Van Winrow*, 951 F.2d 1069, 1072 (9th Cir. 1991); *United States v. Mincoff*, 574 F.3d 1186, 1201 (9th Cir. 2009). And Asuncion acknowledges that his prior convictions for possession of cocaine and

methamphetamine "clearly fall within [the definition's] grasp."

4. The district court correctly rejected Asuncion's argument that the Sixth Amendment requires his prior convictions to have been found by a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

5. Section 841's recidivism provision prescribing a mandatory minimum sentence of life imprisonment is not unconstitutional. In *United States v. Jensen*, we held this very provision to be constitutional, rejecting arguments almost identical to the ones Asuncion makes here. 425 F.3d 698, 706–08 (9th Cir. 2005). The provision does not violate the Eighth Amendment, even though it results in a punishment that seems disproportionate to the crime. It does not violate the defendant's right to due process, even though it wrests discretion from the sentencing court. And it does not violate separation-of-powers principles, even though it effectively allows the executive branch discretion to decide the punishment for a crime. *Id.* at 707–08.

**AFFIRMED.**