NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30178 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 1:18-cr-00052-EJL-1 |
| JENS RANDALL DAVIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted April 13, 2021**
Seattle, Washington

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and FITZWATER,***
District Judge.

Jens Randall Davis appeals his conviction and sentence for possessing a

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

firearm as a felon in violation of 18 U.S.C. § 922(g).[1]  He challenges the district court's finding of competency and admission of "other acts" evidence under Federal Rule of Evidence 404(b).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  The district court did not clearly err in finding Davis competent to stand trial.  The court properly credited the Bureau of Prisons' psychologist over the defense's expert because she and Bureau of Prisons staff had interacted with and observed Davis.  She also reviewed his medical and legal records and interviewed his family members.  This evidence supported her conclusion that Davis's mental health issues stemmed from his drug use and resolved shortly after he detoxed.  The court also properly relied on its own observations of Davis's courtroom conduct and correspondence, which were consistent with the Bureau of Prisons' expert's opinion.  While Davis refused to cooperate with the experts' examinations, courts are not limited to examination results and may consider other evidence, including "the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence."  *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002).  Such evidence supported the court's determination here.

---

[1] Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

Davis contends that the district court ignored evidence of his incompetence, but the court's order belies this contention. It shows that the court carefully considered and gave germane reasons for discounting the defense expert's opinion, the defense counsel's concerns, and aspects of Davis's medical history. For example, the defense expert deemed Davis incompetent despite opining that he could not reach a professionally-sound conclusion without an evaluation. Also, unlike the Bureau of Prisons' expert, the defense expert did not interact with Davis beyond Davis's immediate refusal to speak with him. Thus, when weighed against the Bureau of Prisons' expert's report and Davis's own behavior and communications, the court appropriately found this contrary evidence less persuasive.

2. The district court did not abuse its discretion in admitting, under Rule 404(b), evidence that Davis sought to obtain a firearm through a colleague. First, this evidence was material because it tended to show Davis's intent to possess a gun and provided a strong inference that Davis knowingly possessed a gun. *See United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997) (setting forth the four-part test of admissibility under Rule 404(b)). Second, the evidence was not too remote in time, as the conversation in question took place just one month prior to the charged offense. Third, the testimonial evidence was sufficient to support a finding that Davis made the request. *See id.* at 1283 (providing that "the testimony

of a single witness can be sufficient").  Fourth, attempting to possess a firearm and subsequently possessing one are very similar acts.  And finally, the evidence's probative value was not substantially outweighed by its prejudicial impact under Rule 403.

**AFFIRMED.**