NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30090 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 9:21-cr-00032-DWM-1 |
| KATHY ANN HENDERICKSON, AKA Kathy Thorberg, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted August 22, 2023[**]
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Defendant Kathy Ann Henderickson timely appeals her conviction for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

cyberstalking in violation of 18 U.S.C. § 2261A(2)(B).[1]  Reviewing for abuse of discretion the district court's admission of evidence under Federal Rules of Evidence 403 and 404(b), United States v. Berckmann, 971 F.3d 999, 1001 (9th Cir. 2020), we affirm.

1.  The district court did not err by concluding that evidence of Defendant's prior acts was admissible under Rule 404(b).  "Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002).  "Such evidence 'may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'"  Id. (quoting United States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000)).

The court acted within its discretion when it concluded that the prior acts evidence was material to knowledge and identity.  "When the government's theory is one of knowledge—as here—this court has emphasized that the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act."  United

---

[1] The indictment and the parties' briefing cite 18 U.S.C. § 2261A(2)(B), which applies to the charged conduct.  The citations to 18 U.S.C. § 2261.F in the judgment and the district court docket are typographical errors.

2

States v. Mayans, 17 F.3d 1174, 1181–82 (9th Cir. 1994). Here, Defendant's prior convictions show that she knew how to use technology to impersonate another individual and cover her tracks. See United States v. Ramos-Atondo, 732 F.3d 1113, 1123 (9th Cir. 2013) (concluding that a defendant's prior conviction for smuggling undocumented immigrants demonstrated knowledge of cross-border smuggling procedures, which was evidence relevant to marijuana smuggling charges). The prior acts also are similar enough to the charged conduct to demonstrate a modus operandi of using the email addresses of one-time romantic partners to send threatening messages to acquaintances. See id. (determining that "the conviction was also relevant to show a *modus operandi* of smuggling involving use of open panga boats that were to be unloaded on a dark beach in early morning hours").

The events underlying Defendant's prior convictions occurred seven and twelve years before her conduct in this case. But the court was within its discretion to conclude that the prior acts were not too remote in time, given the similarities between the conduct underlying those convictions and the conduct charged in this case. See United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997) (concluding that prior act evidence of events thirteen years earlier was "sufficiently similar to the charged conduct to render it probative despite the passage of time").

2.  The district court did not abuse its discretion by denying Defendant's Rule 403 challenge to the prior acts evidence.  Rule 403 "permits district courts to exclude relevant evidence if 'its probative value is substantially outweighed by the danger of unfair prejudice.'"  Berckmann, 971 F.3d at 1004 (quoting Ramos-Atondo, 732 F.3d at 1123).  Although the prior acts evidence may have been prejudicial to Defendant, that fact does not require its exclusion, particularly given its probative value when the main defense was that someone else could be responsible for the charged conduct.  See United States v. Thornhill, 940 F.3d 1114, 1123 (9th Cir. 2019) ("[E]ven where evidence is highly prejudicial, it is not necessarily unfairly prejudicial." (citation and emphases omitted)).  And even for evidence with minimal probative value, including Defendant's own statements about her prior conviction for making a bomb threat, the district court properly mitigated any potential prejudice by giving limiting instructions at the time of the testimony and before the jury began deliberations.  See Berckmann, 971 F.3d at 1004 (noting that the district court's limiting instructions cabined prior acts evidence such that it was not unfairly prejudicial).

**AFFIRMED.**