NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TRENTON JARED POWELL, <br><br> Defendant - Appellant. | No. 23-3096 <br><br> D.C. No. 4:21-cr-00290-BLW-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho

B. Lynn Winmill, District Judge, Presiding

Argued and Submitted February 10, 2025
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District
Judge.[**]

Defendant-Appellant Trenton Jared Powell was tried and convicted by a jury

trial of six counts of sexual exploitation of a child, two counts of attempted sexual

exploitation of a child, and three counts of receipt of child pornography. He

appeals from his conviction, arguing that the district court erred in (1) denying his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

motion to suppress, (2) denying his counsel's motion to withdraw, (3) admitting evidence regarding other acts of sexual misconduct, and (4) excluding evidence regarding the victim's sexual behavior. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Powell challenges the district court's denial of his motion to suppress based on two separate periods of delay: the six-day delay in obtaining a search warrant following Powell's arrest; and the seventy-one-day delay between the issuance and execution of the search warrant. The district court correctly denied the motion to suppress on both grounds.

To determine whether a delay between a seizure and the obtaining of a search warrant is unreasonable, we "balance the nature and quality of the intrusion of the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). "The touchstone is reasonableness." *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015). The Supreme Court has found reasonable "a temporary seizure that was supported by probable cause and was designed to prevent the loss of evidence while the police diligently obtained a warrant in a reasonable period." *Illinois v. McArthur*, 531 U.S. 326, 334 (2001).

The parties do not dispute that Pocatello Police Department ("PPD") had probable cause to search Powell's phone, or that the government reasonably feared

the destruction or erasure of digital evidence upon the phone's return. There is also no indication that PPD made any unnecessary intrusions into Powell's privacy interests, given that the phone was locked and in airplane mode during the entire period. We further do not find clearly erroneous the district court's finding that PPD worked with reasonable diligence in obtaining the warrant. "Even if the government could have moved faster to obtain a search warrant, the government is not required to pursue 'the least intrusive course of action.'" *Sullivan*, 797 F.3d at 634 (quoting *United States v. Hernandez*, 313 F.3d 1206, 1213 (9th Cir. 2002)). We therefore find the delay here to be reasonable "[u]nder the totality of the circumstances." *United States v. Johnson*, 875 F.3d 1265, 1276 (9th Cir. 2017).

Powell separately challenges the seventy-one days during which PPD had possession of his phone pursuant to a valid warrant. We find this delay reasonable in light of the fact that Powell's model of iPhone had been released less than two months prior to its seizure, and the government was anticipating updates to its forensic software to be able to access the phone's contents. Moreover, concerns of staleness are not present here. Powell lacked any opportunity to modify the contents of the phone until the search was executed. His phone was on airplane mode and in PPD's possession during the entire period of delay. *See United States v. Gann*, 732 F.2d 714, 722 (9th Cir. 1984) (articulating the test for staleness as "whether there is sufficient basis to believe . . . that the items to be seized are still

on the premises").

2. The district court did not abuse its discretion in denying Powell's counsel's motion to withdraw. A trial court has "wide latitude in balancing the right of counsel of choice against the needs of fairness, and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). The motion to withdraw was filed four days before trial, and the court found that appointing a new attorney would delay the trial by at least six months, threatening both the public's interest in a speedy trial and the victims' interest in final resolution of the case. The court also found that there were no countervailing concerns regarding the defense's readiness because Powell's counsel represented that they were fully prepared for trial.

3. The district court did not abuse its discretion in admitting the testimonies of Jane Doe 1 ("JD1") and Minor Victim 1 ("MV1") with respect to Powell's other past acts of sexual misconduct. We have held that "other act" evidence is admissible under Federal Rule of Evidence 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) . . . the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (quoting *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)). All four conditions are met here.

23-3096

Both JD1 and MV1 testified that Powell groomed them as young children and recorded visual images of their sexual contact on his phone. This grooming conduct was not part of the charged conduct, but their testimony concerning the conduct was nonetheless admissible. It was material in proving Powell's intent, motive, and identity with respect to his charged offenses, and the acts were sufficiently similar to the charged conduct. *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (finding that "past conduct need not be identical to the conduct charged, but instead need only be similar enough to be probative of intent"). These acts all took place within three years of the charged offenses. Finally, we have held that witness testimony "satisfies the low-threshold test of sufficient evidence for the purposes of Rule 404(b)." *United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004).

4. The district court did not abuse its discretion in excluding JD1's boyfriend's potential testimony that he had engaged in oral sex with JD1. Federal Rule of Evidence 412 prohibits the use of "evidence offered to prove that a victim engaged in other sexual behavior." Fed. R. Evid. 412(a)(1). Powell argues that the boyfriend's testimony is nevertheless admissible because it would have impeached JD1's testimony and thus falls under the exception of "evidence whose exclusion would violate the defendant's constitutional rights." *Id.* 412(b)(1)(C). We need not reach this issue, however, because Powell failed to make a timely motion to

admit the testimony under Rule 412(c)(1)(B).

**AFFIRMED.**