**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Amachi Uzoigwe AKPA, a.k.a. Simon Akpa, Defendant—Appellant.**

**No. 04–10146.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2004.[*]

Decided Jan. 26, 2005.

---

**3.** The panel's order recalling the court's mandate was filed on January 5, 2005.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

718

Daniel R. Drake, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Stephen Kunkle, Esq., Law Office of Stephen C. Kunkle, Phoenix, AZ, for Defendant–Appellant.

Before O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## MEMORANDUM ***

Amachi Uzoigwe Akpa, a.k.a. Simon Akpa, appeals his convictions on four counts of wire fraud in violation of 18 U.S.C. § 1343, and five counts of mail fraud in violation of 18 U.S.C. § 1341. Akpa raises three issues. First, he contends the district court abused its discretion under FED.R.EVID. 403 and 404(b) in admitting Exhibit 11, a summary exhibit of previous insurance claims, which claims were filed by Akpa with various insurance companies, but not included as fraudulent or false claims in the indictment. Second, he contends the district court committed plain error in providing the limiting instruction given to the jury upon the admission of Exhibit 11. Third, he contends the district court erred in calculating his sentence in light of the U.S. Supreme Court's intervening decision in *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and our decision in *United States v. Ameline*, 376 F.3d 967 (9th Cir.2004). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm Akpa's convictions and remand to the district court for re-sentencing.

The parties are familiar with the facts and we do not recount them here. We review for abuse of discretion the district court's decision whether to admit or exclude evidence under FED.R.EVID. 403 and 404(b). *United States v. Gonzalez–Torres*, 309 F.3d 594, 601 (9th Cir.2002) (Rule 403 standard of review); *United States v. Melvin*, 91 F.3d 1218, 1222 (9th Cir.1996) (Rule 404(b) standard of review).

## I. Rules 403 and 404(b)

Under FED.R.EVID. 404(b),

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Similar acts evidence "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). "So long as the evidence is offered for a proper purpose ... the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson,* 132 F.3d 1279, 1282 (9th Cir.1997). We apply a four-part test in determining whether similar acts evidence is admissible under Rule 404(b). "[T]he prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time." *Johnson,* 132 F.3d at 1282.

■ Here, the district court did not abuse its discretion in admitting Exhibit 11.[1] Exhibit 11 proved a material element of the crime charged because it showed motive, plan, and absence of accident. The uncharged claims listed in Exhibit 11 were similar to the charges laid in the indictment, and the prosecution presented sufficient evidence of the uncharged claims through the testimony of Kenneth Smith, a special agent with the National Insurance Crime Bureau, who prepared Exhibit 11 and identified Akpa as the claimant for the listed claims. Finally, the uncharged claims were not too remote in time because only two years passed between Akpa's indictment and the last claim included in Exhibit 11. *See id.* at 1282–83 (a remote act was still probative after thirteen years).

Akpa argues the prosecution did not show the uncharged claims listed in Exhibit 11 were fraudulent, and thus those claims were irrelevant. Yet evidence the uncharged claims were fraudulent appears on the face of Exhibit 11, which is sufficient under the low threshold of the "sufficient evidence" prong. *See id.* The nine uncharged insurance claims arise from similar events which precipitated the losses, and all of the losses involved expensive computer or audio-visual equipment. The frequency and similarity of the losses over the five-year period suggest intentional, fraudulent action rather than accidental events. Thus, sufficient evidence exists here such that a reasonable jury could conclude the uncharged claims were fraudulent.

For Rule 404(b) evidence to be admissible, its probative value must not be outweighed by its risk of unfair prejudice. *Johnson,* 132 F.3d at 1282. Under Rule 403, relevant evidence "may be excluded if

---

1. There was no objection interposed regarding admission of the summary rather than individualized proof of acts. The district court also found "notice was given by the Government in a timely manner with respect to its proposal to offer" Exhibit 11. *See* Fed. R.Evid. 1006.

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the district court did not abuse its discretion in finding the probative value of Exhibit 11 was not outweighed by unfair prejudice. The exhibit was probative as to Akpa's motive, plan, and absence of mistake in executing the insurance scheme. "[E]ven if that evidence resulted in some prejudice (as all unfavorable evidence about a defendant does), it was not 'unfair prejudice' and did not 'substantially outweigh' the high probative value of the evidence." *See United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998). Not everything that hurts is unfairly prejudicial. Accordingly, the district court did not abuse its discretion under Rules 403 or 404(b) in admitting Exhibit 11.

Finally, even if Exhibit 11 was improperly admitted, any error is harmless. The prosecution presented substantial evidence Akpa committed wire and mail fraud through his insurance scheme. Multiple witnesses testified Akpa fabricated invoices, claimed a loss of expensive audiovisual equipment from a box which weighed the same before and after the equipment supposedly was lost from the box, and used insurance claim proceeds to purchase a car and a house, rather than replacing the valuable insured items supposedly lost. Thus, even if there was evidentiary error under Rules 403 or 404(b), such error was harmless.

## II. Jury Instruction

■ Akpa contends for the first time on appeal the jury instruction offered by the district court in admitting Exhibit 11 was inadequate because the court did not specify exactly why the exhibit was offered.

When a defendant does not object to a jury instruction at the time of trial, we review for plain error. *Melvin*, 91 F.3d at 1223. Plain error is a highly prejudicial error affecting "substantial rights." *Id.* "The court of appeals should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). The defendant bears the burden to show prejudice. *Id.* at 734, 113 S.Ct. 1770.

Here, the district court instructed the jury at the time it admitted Exhibit 11 that it was to consider the exhibit "only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, and not for any other purposes." At the close of the trial, the trial court again stated "[s]ome evidence was admitted for limit [sic] purposes. You must consider it only for those limited purposes, such as proof of motive, opportunity, intent, plan, knowledge, or absence of mistake or accident." The court also instructed that "[t]he defendant is on trial only for the crimes charged in the Indictment in Counts 1, 2, 3 and 5, and Counts 6 through 10, and not for any other activities." Those instructions track the language of Rule 404(b), and Akpa offers no evidence the instructions were ambiguous such that it would lead to jury confusion, or that they actually led to jury confusion. The district court did not commit plain error in providing the instruction.

Accordingly, we affirm Akpa's convictions. We remand to the district court for it in the first instance to reexamine Akpa's sentence in light of the recent U.S. Supreme Court decision in *United States v.*

*Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

AFFIRMED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.