**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30035 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00006-RRB-1 |
| v. | |
| FRANK STEFFENSEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 29, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

A jury convicted Frank Steffensen of knowingly possessing with intent to

distribute five grams or more of a mixture or substance containing cocaine base, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him

to 168 months' imprisonment. Steffensen timely appeals.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not abuse its discretion by admitting evidence of other acts committed by Steffensen under Federal Rules of Evidence 404(b) and 403. The government presented sufficient evidence to support a finding by the jury that Steffensen committed the other acts, *see United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997), and his 1993 offense of conviction was "sufficiently similar to the charged conduct to render it probative despite the passage of time," *id.* After a careful review of the record, we find unpersuasive Steffensen's contentions that admission of the "other acts" evidence violated *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or Federal Rule of Criminal Procedure 26.2.

The district court did not abuse its discretion by allowing Special Agent Nyfeler to testify both as a fact witness and as an expert witness. *See United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009). The admission of Nyfeler's testimony was not plain error in violation of Federal Rule of Evidence 704(b), *see United States v. Gomez-Norena*, 908 F.2d 497, 502 (9th Cir. 1990), and Nyfeler did not engage in improper vouching, *see United States v. McKenna*, 327 F.3d 830, 842 (9th Cir. 2003) ("Improper vouching occurs where the *prosecutor* places the prestige of the government behind a witness . . . ." (emphasis added) (internal quotation marks omitted)).

The district court did not abuse its discretion by failing to give Steffensen's Proposed Instruction No. D or by failing to require the jury to return a special verdict on the quantity of cocaine base he possessed for his personal use. *See United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir. 1985). Nor did the district court abuse its discretion by failing to give Steffensen's proposed "addict" instruction, *see United States v. Vgeri*, 51 F.3d 876, 881 (9th Cir. 1995), or by instructing the jury that an intent to distribute need not entail a financial motive, *see United States v. Heredia*, 483 F.3d 913, 923 (9th Cir. 2007) (en banc).

Steffensen's equal protection challenge to the statutory minimum sentence prescribed by § 841(b)(1)(B) is foreclosed by *United States v. Harding*, 971 F.2d 410, 414 (9th Cir. 1992), and his Eighth Amendment challenge is foreclosed by *United States v. Norwood*, 603 F.3d 1063, 1071 (9th Cir. 2010). Giving due deference to the district court's consideration of the factors set forth in 18 U.S.C. § 3553(a), *see Gall v. United States*, 552 U.S. 38, 51 (2007), we conclude that Steffensen's sentence is not substantively unreasonable.

The judgment of the district court is

**AFFIRMED.**