**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10444 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00219-DKW-2 |
| v. | |
| JOHN GARCIA IV, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 13, 2018
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Defendant-appellant John Garcia IV appeals his jury conviction and sentence for possession of and conspiracy to possess methamphetamine and cocaine with intent to distribute. Garcia raises three issues on appeal. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.     The district court did not violate Garcia's Confrontation Clause right when it denied the defense's request to recross-examine one of the government's cooperating witnesses. "Allowing recross is within the sound discretion of the trial court except where new matter is elicited on redirect examination." *United States v. Baker*, 10 F.3d 1374, 1404 (9th Cir. 1993) (overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)). The government did not elicit any new matters on redirect. The government asked additional questions about the witness's plea agreement and interviews with government agents, both of which Garcia's counsel raised on cross. Moreover, any error was harmless beyond a reasonable doubt in light of the substantial evidence against Garcia. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

2.     The district court did not abuse its discretion in admitting Garcia's prior state conviction for possession of a user-quantity of methamphetamine under Fed. R. Evid. 404(b). Although generally evidence of prior drug use is not relevant on charges of conspiracy or intent to distribute narcotics, it may be admissible to show "absence of mistake or accident in the charged transaction." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004); *see also United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992). Here, the government introduced Garcia's prior conviction as proof that it was not a mistake or accident that drugs

2

were found in Garcia's apartment, and to show that Garcia had knowledge of their presence. Garcia's prior conviction was not too remote in time under our precedent. *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997); *United States v. Vo*, 413 F.3d 1010, 1018-19 (9th Cir. 2005). Moreover, any error in admitting the evidence was harmless given the strength of the government's case. *See United States v. Hill*, 953 F.2d 452, 458 (9th Cir. 1991).

3. The district court did not err in denying Garcia a minor role reduction under U.S.S.G. § 3B1.2. Although the district court did not specifically address each of the five factors listed in the 2015 Amendment to this section of the Sentencing Guidelines, the Ninth Circuit does not require judges to "tick off" each factor. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Garcia's counsel briefed these five factors in depth and drew the court's attention to them during the sentencing. The record reflects that the district court appropriately weighed and discussed the factors, without enumerating them. Considering the totality of the circumstances, the district court did not abuse its discretion in denying Garcia a sentencing reduction.

**AFFIRMED**.