**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30272 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00188-BLW-1 |
| v. | |
| TEL JAMES BOAM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted February 9, 2023
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

In September 2021, a jury convicted Tel James Boam of sixteen counts of attempted sexual exploitation of a minor under 18 U.S.C. § 2251(a), and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). The charges against Boam were based on evidence that Boam placed a hidden camera in his bathroom; directed his then fourteen-year-old stepdaughter, T.A., to use that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

bathroom; surreptitiously recorded T.A. as she was nude and showering; and selectively saved a collection of these videos on his phone.  The district court sentenced Boam to a term of imprisonment of forty-five years.

Boam appeals his convictions and sentence.  Specifically, Boam argues that the district court erred by (1) admitting evidence under Federal Rule of Evidence 404(b) that he twice sexually assaulted T.A., (2) denying Boam's motion for a mistrial, (3) excluding Boam's expert testimony and polygraph evidence, and (4) imposing an excessive sentence.[1]

We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     We review the admission of Rule 404(b) evidence for abuse of discretion.[2]  *United States v. Carpenter*, 923 F.3d 1172, 1180–81 (9th Cir. 2019).  Under Rule 404(b), evidence of other acts is not admissible to prove character but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."   Fed. R. Evid.

---

[1] We address Boam's challenge to the sufficiency of the evidence in an opinion filed concurrently with this memorandum disposition.

[2] Boam argues that de novo review applies because "the question of whether something is relevant under F.R.E. 404(b) is a question of law."  We only review de novo whether evidence is "other act" evidence within the meaning of Rule 404(b) or is "inextricably intertwined" with the crime charged.  *United States v. Carpenter*, 923 F.3d 1172, 1180–81 (9th Cir. 2019).  The government concedes that the proffered evidence is "other act" evidence within the scope of Rule 404(b) and is not inextricably intertwined with the charges.  The appropriate standard of review is abuse of discretion.

404(b)(2). Evidence under Rule 404(b) may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases like this one, where knowledge and intent are at issue, the other act is similar to the offense charged. *See United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020). Even if the evidence is admissible under Rule 404(b), it remains subject to the general balancing test under Federal Rule of Evidence 403. *Id.* at 925.

Boam challenges the district court's admission of Rule 404(b) evidence that he sexually assaulted T.A. on two occasions after the videos of T.A. were recorded. The government introduced this evidence, primarily through testimony from T.A., to prove Boam's motive, opportunity, intent, or absence of mistake or accident. T.A. testified that within a few months of the video recordings, Boam attempted to rape T.A. and then, a few months later, that Boam did rape T.A. At the close of evidence, the district court provided the jury with a limiting instruction that the jury was not to consider the Rule 404(b) evidence as "evidence of guilt of the crimes for which" Boam was on trial.

The district court did not abuse its discretion in concluding that the evidence was admissible under Rule 404(b). First, the alleged sexual assaults were introduced to prove a material and disputed point in the case: that Boam had the motive and intent to record and retain nude videos of T.A. and that he knowingly produced and

possessed the videos. *See United States v. Berckmann*, 971 F.3d 999, 1002–03 (9th Cir. 2020) (explaining that acts involving the same victim "can shed light on the mindset of the defendant during the charged crime" in part because such evidence has "probative value in disproving claims that the defendant lacked intent") (citations omitted); *United States v. Cherer*, 513 F.3d 1150, 1157–58 (9th Cir. 2008) (concluding that a prior conviction of lewdness with a minor tended to prove defendant's intent and motive where defendant was charged with attempted coercion of a minor and argued that he lacked the requisite intent). Second, the alleged sexual assaults were not too remote in time because they occurred within approximately one year of the charged conduct in this case. *See, e.g.*, *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) (concluding that Rule 404(b) evidence of prior act that occurred approximately two years before the charged offenses was not too remote in time).[3] Third, the alleged sexual assaults were supported by sufficient proof: testimony from T.A. and T.A.'s mother. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (explaining that the third prong of the Rule 404(b) test is a "low threshold" and can be met by the testimony of just one witness). Fourth,

---

[3] Boam contends that the Rule 404(b) evidence is irrelevant because the other acts allegedly occurred *after* the conduct underlying the offenses charged and were therefore not "prior acts." This argument has no merit. Though Rule 404(b) is sometimes referred to as an evidentiary rule governing "prior bad acts," evidence of other acts that occurred "subsequent" to the charged offenses, as here, is admissible under Rule 404(b). *See United States v. Lloyd*, 807 F.3d 1128, 1157 (9th Cir. 2015).

the alleged sexual assaults are sufficiently similar to the offenses charged because they are "probative of [Boam's] intent." *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (explaining that other acts "need not be identical to the conduct charged"). Both the other acts and the offenses charged involved the same victim and demonstrated Boam's specific sexual interest in T.A. *See United States v. Thornhill*, 940 F.3d 1114, 1119 (9th Cir. 2019) (discussing the similarities between sexual abuse of a child and possession of child pornography and citing Rule 404(b) cases for support).

Nor did the district court abuse its discretion in concluding that the evidence was admissible under Rule 403. The evidence was highly probative of Boam's intent, and the district court reduced the risk of prejudice by providing a limiting instruction to the jury. *See United States v. Bradshaw*, 690 F.2d 704, 709 (9th Cir. 1982) (emphasizing the "importan[ce]" of limiting instructions when Rule 404(b) evidence is admitted).

2.  We review the district court's denial of a motion for a mistrial for an abuse of discretion. *United States v. Ubaldo*, 859 F.3d 690, 700 (9th Cir. 2017). We also review the district court's determination of the bounds of relevant cross-examination for an abuse of discretion. *United States v. Montgomery*, 998 F.2d 1468, 1478 (9th Cir. 1993).

Boam argues that a mistrial was warranted because the government violated

his Fifth Amendment right against self-incrimination when it asked Boam on cross-examination whether Boam would be willing to provide the password to his cellphone. "A defendant who testifies at trial waives his Fifth Amendment privilege and may be cross-examined on matters made relevant by his direct testimony." *United States v. Black*, 767 F.2d 1334, 1341 (9th Cir. 1985). Permissible cross-examination is therefore not limited to "what the defendant actually discussed during his direct testimony," but instead extends to matters "reasonably related" to the subjects covered by the direct testimony. *United States v. Hearst*, 563 F.2d 1331, 1340 (9th Cir. 1977).

Boam testified on direct examination about his cellphone, including the phone's contents and password. Because the government's question was reasonably related to the subjects covered by Boam's direct testimony, the district court did not abuse its discretion in denying the motion for a mistrial. *See United States v. Panza*, 612 F.2d 432, 437 (9th Cir. 1979) (noting that the district court has "broad discretion to determine the bounds of relevant cross-examination").

3. We review a district court's decision to exclude expert testimony for an abuse of discretion. *United States v. Campos*, 217 F.3d 707, 710 (9th Cir. 2000). In the middle of trial, Boam unsuccessfully sought to introduce an expert who would testify about: (1) the "bias" and "truthfulness" of T.A. during the forensic interviews that T.A. participated in when she reported to law enforcement that Boam sexually

assaulted her, and (2) whether these interviews "complied with proper protocol for examination of a minor." Boam argues that the district court erred in excluding this proffered testimony because it was necessary to defend against the government's case-in-chief.

The district court acted within its discretion when it excluded this expert testimony. Expert testimony about the veracity of a witness is generally improper under Federal Rule of Evidence 702. *See, e.g.*, *United States v. Ortiz*, 362 F.3d 1274, 1279 (9th Cir. 2004) ("Whether the witnesses have testified truthfully, of course, is entirely for the jury to determine . . . ."); *see also Yu v. Idaho State Univ.*, 15 F.4th 1236, 1245 (9th Cir. 2021) (Miller, J., concurring) ("Because it is the role of the trier of fact to assess credibility, expert testimony is not admissible simply to tell the jury that one party's witnesses should be believed and the other party's should not."). It was the jury's role—not an expert's role—to assess T.A.'s "truthfulness" in this case.

Moreover, the expert disclosure was substantively insufficient and untimely. The cursory disclosures failed to provide, as required under Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) and Federal Rule of Evidence 702, what opinions Boam intended to elicit from the expert, the bases and reasons for the expert's opinions, the facts and data the expert relied upon, or the reliable principles and methods the expert used. Boam also violated the district court's orders and rules by not noticing

or disclosing the expert's specific opinions until less than 24 hours before the witness would testify. *See* Fed. R. Crim. P. 16(b)(1)(C)(ii), 16(d)(2)(C) (requiring reciprocal timely disclosure of expert testimony and allowing exclusion of the evidence as a consequence for a party's failure to comply); *United States v. Ornelas*, 906 F.3d 1138, 1150–51 (9th Cir. 2018) (affirming exclusion of expert where the court "simply enforce[d] reasonable deadlines established in a pretrial order setting disclosure deadlines").

4.      We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Boulware*, 384 F.3d 794, 800–01 (9th Cir. 2004). Boam argues that the district court abused its discretion in excluding his successful polygraph results concerning both the charged offenses and the Rule 404(b) evidence.

The district court did not abuse its discretion in excluding the polygraph evidence, which included questions that went to the heart of the case. The court properly recognized the "significant risk that the jury might give excessive weight to the polygrapher's conclusions," thereby "diminish[ing] the jury's role in making credibility determinations." *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1245 (9th Cir. 2004) (affirming the exclusion of polygraph tests under Rule 403 given the "significance of [the questions] to the case . . . when combined with the powerful persuasive power of polygraph testimony"); *United States v. Benavidez-*

*Benavidez*, 217 F.3d 720, 725 (9th Cir. 2000) (explaining that a district court "will rarely abuse its discretion by refusing to admit the [polygraph] evidence, even for a limited purpose and under limited conditions") (citation omitted).

5.      Our review of a sentencing decision is limited to determining if the sentence is "substantively unreasonable." *United States v. Henderson*, 649 F.3d 955, 958 (9th Cir. 2011).  "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish" the sentencing goals Congress set forth in 18 U.S.C. § 3553.  *United States v. Hernandez*, 795 F.3d 1159, 1168 (9th Cir. 2015) (cleaned up).  In reviewing a sentence for reasonableness, we ask whether the trial court abused its discretion.  *Id.* at 1169.

Boam contends that the district court's sentence of forty-five years was excessive and cruel and unusual, but he offers no legal support for this position.  He instead urges that "*any* sentence" would be excessive.

The district court did not abuse its discretion in sentencing Boam to forty-five years imprisonment.  At sentencing, the district court carefully considered the § 3553(a) factors and concluded, based on the specific facts of this case, that a forty-five-year sentence was sufficient but not greater than necessary.

**AFFIRMED.**